IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

ISIDRO AND DIANA HERRERA,

    Plaintiffs,

v.                                                      No. Civ. 14-734 JCH-CG

UNITED STATES OF AMERICA, UNITED
STATES CUSTOMS AND BORDER
PROTECTION and JOHN JONES II,
In his individual and official capacities,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

On February 19, 2015, Defendants United States America and U.S. Customs and Border Protection ("CBP") filed a Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and (b)(6). The Court, having considered the motion, pleadings, briefs, evidence, and law, concludes that the motion to dismiss should be granted.

**I.    FACTUAL BACKGROUND**

At all times relevant to the complaint, Defendant John Jones II ("Defendant Jones") was a duly appointed and employed law enforcement agent of the United States CBP. Compl. ¶ 2, ECF No. 1.

On March 29, 2012, Plaintiffs were traveling home, westbound on US-70, when they came behind a white ragtop convertible vehicle, the driver of whom was later identified as Defendant Jones. Compl. ¶ 9; Defs.' Ex. B, ECF No. 15-3 at 1 of 4; Pls.' Resp. 2, ECF No. 18. Both vehicles used the Sonoma Ranch exit off US-70 and turned northbound towards Las Colinas. Compl. ¶ 10, ECF No. 1. Plaintiffs were driving behind Defendant Jones when he

stopped at an intersection despite having a green light. *Id.* ¶ 11. Plaintiffs waited a moment to see if the vehicle would move forward, then honked their vehicle's horn when Defendant Jones failed to move through the intersection. *Id.* Defendant Jones then sped through the intersection and pulled over to the right side of the road. *Id.* ¶ 12. Plaintiffs drove past his vehicle. *Id.*

Defendant Jones then began to follow and attempt to catch up to Plaintiffs' vehicle. *Id.* ¶ 13. He sped up and drove next to the driver's side of Plaintiffs' vehicle, waving his badge of office and screaming at Plaintiffs to pull over their vehicle. *Id.* Unsure of what Defendant Jones was doing, Plaintiffs continued to drive home. *Id.*

Defendant Jones sped up again and positioned his vehicle in a way that cut off Plaintiffs' lane of travel, forcing them to slam on their brakes and divert their path to avoid Defendant Jones' vehicle, causing significant damage to Plaintiffs' vehicle. *Id.* ¶ 14. Once both vehicles stopped, Defendant Jones got out of his vehicle, waved his badge, aggressively approached Plaintiffs, and ordered them out of the vehicle, all while verbally abusing them. *Id.* ¶ 15.

Officers of the Las Cruces Police Department ("LCPD") arrived on scene shortly thereafter, along with supervisors with the CBP. *Id.* ¶ 16. After giving statements to LCPD and CBP officers, Plaintiffs were released with no charges filed against them, despite Defendant Jones' statement to police that he pulled over Plaintiffs because they appeared intoxicated. *Id.*

Plaintiffs submitted an administrative claim arising from the incident with CBP on November 26, 2013. *Id.* ¶ 4. Plaintiffs stated as the basis for the administrative claim: "Off duty agent ran claimant off of the road causing him to drive into the curb. Damage to tire which had to be replaced." Defs.' Ex. C, ECF No. 15-4 at 1 of 4.[1] Plaintiffs asserted the incident occurred

---

[1] A court on a motion to dismiss may consider documents incorporated into the complaint by reference and central to the plaintiff's claim, unless their authenticity is questioned. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint

around 6:00 p.m. *See id.*

After the CBP denied their administrative claim, Plaintiffs filed suit in federal court. Plaintiffs assert jurisdiction and liability against the United States and CBP under the Federal Tort Claim Act ("FTCA"), 28 U.S.C. § 2671. Compl. ¶¶ 3, 6-7. Plaintiffs have asserted the following claims in their Complaint: (1) violation of their Fifth Amendment right to due process against Defendant Jones; (2) unlawful detention and seizure under the Fourth Amendment against Defendant Jones; (3) false arrest, assault, battery, false imprisonment, unlawful search, unlawful invasion of privacy, and intentional or negligent infliction of emotional distress under the FTCA against Defendants the United States and CBP. *Id.* ¶¶ 22-33. Plaintiffs allege that Defendant Jones was acting within the scope of his employment as a CBP law enforcement officer during the incident. *Id.* ¶ 33.

The United States and CBP filed a motion to dismiss, arguing that this incident was a case of road rage between two private citizens, and Defendant Jones was not acting within the scope of his employment. Accordingly, they argue the FTCA, 28 U.S.C. § 1346(b), did not waive sovereign immunity and this Court lacks jurisdiction over them.

**II.    STANDARD**

Under Rule 12(b)(1), a court may dismiss a case for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Rule 12(b)(1) motions generally constitute either (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter is based. *Ruiz v. McDonell*, 299 F.3d 1173, 1180 (10th Cir. 2002). On a facial attack, a court presumes all of the allegations in the complaint to be true. *Id.* "When a party challenges the allegations supporting subject-matter jurisdiction, the

---

by reference, and matters of which a court may take judicial notice."); *Pace v. Swerdlow*, 519 F.3d 1067, 1072 (10th Cir. 2008) (explaining that court may properly consider on motion to dismiss documents central to plaintiff's claim and referred to in complaint, where document's authenticity is not in dispute).

court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional fact." *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003) (internal quotations omitted). A court's reference to such evidence when ruling on a Rule 12(b)(1) motion does not convert the motion to dismiss to a Rule 56 motion for summary judgment. *Id.*

The Court can also dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A plaintiff's complaint must set forth factual allegations that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It is not enough for a plaintiff to just set forth labels, conclusions, and formulaic recitation of the elements of a cause of action. *Id.* When reviewing a plaintiff's complaint in ruling on a Rule 12(b)(6) motion, the Court must accept all well-pleaded allegations as true and view the allegations in the light most favorable to the plaintiff. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

**III.    ANALYSIS**

Under the doctrine of sovereign immunity, a suit cannot be maintained against the United States or its agencies unless it has consented to be sued. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). "The existence of consent is a prerequisite for jurisdiction." *In re Talbot*, 124 F.3d 1201, 1205 (10th Cir. 1997) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). The terms of the consent define the court's jurisdiction. *F.D.I.C.*, 510 U.S. at 475. "The party bringing suit against the United States bears the burden of proving that sovereign immunity has been waived." *James v. United States*, 970 F.2d 750, 753 (10th Cir. 1992).

"The Federal Tort Claims Act is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal

employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813 (1976). *See also* 28 U.S.C. § 1346(b). Section 1346(b) provides:

> [T]he district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

Congress, however, was careful in 28 U.S.C. § 2680 to except several classes of tort claims from the FTCA's broad waiver of immunity. *United States v. Varig Airlines*, 467 U.S. 797, 808 (1984). Section 2680(h) states that the provisions of section 1346(b) shall not apply to any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, or abuse of process unless committed by "investigative or law enforcement officers of the United States Government." 28 U.S.C. § 2680(h). The subsection defines an investigative or law enforcement officer as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." *Id.* Section 2680(h) thus waives the defense of sovereign immunity for suits against the United States for certain intentional torts that its law enforcement officers commit while acting within the scope of their employment. *See Dry v. United States*, 235 F.3d 1249, 1257 (10th Cir. 2000).

To determine whether an employee was acting in the scope of his employment, the FTCA directs the courts to apply the law of the State where the act occurred. *See* 28 U.S.C. § 1346(b)(1); *Henderson v. United States*, 429 F.2d 588, 590 (10th Cir. 1970); *Gallardo v. United States*, 752 F.3d 865, 870 (10th Cir. 2014) (applying Colorado state law to resolve questions of substantive liability under FTCA). In New Mexico, an employee's acts, although

unauthorized, are within the scope of his employment "if the action (1) is the kind the employee is employed to perform; (2) occurs during a period reasonably connected to the authorized employment period; (3) occurs in an area reasonably close to the authorized area; and (4) is actuated, at least in part, by a purpose to serve the employer." *Lessard v. Coronado Paint & Decorating Center, Inc.*, 2007-NMCA-122, ¶ 12, 168 P.3d 155 (quoting *Narney v. Daniels*, 115 N.M. 41, 49, 846 P.2d 347, 353 (Ct. App. 1992)). New Mexico courts are also guided by the uniform jury instructions that provide that an employee's act is within the scope of his employment if it "was something fairly and naturally incidental to the employer's business assigned to the employee," and "was done while the employee was engaged in the employer's business with the view of furthering his employer's interest and did not arise entirely from some external, independent and personal motive on the part of the employee." *Id.* (quoting UJI 13-407 NMRA). Generally, an employee going to or from work using his own vehicle is not within the scope of his employment "absent additional circumstances evidencing control by the employer at the time of the negligent act or omission of the employee." *Ovecka v. Burlington Northern S.F. Railway Co.*, 2008-NMCA-140, ¶ 14, 194 P.3d 728.

As for the first factor, the Government argues that Defendant Jones' actions were not within the scope of his employment, because he was not acting to enforce immigration or drug interdiction laws, the kind of employment he is employed to perform. "Border Patrol agents are not general law enforcement officers." *Ortiz v. U.S. Border Patrol*, 39 F.Supp.2d 1321, 1326 (D.N.M. 1999). "[T]heir authority and duties are circumscribed by statute and limited in scope." *Id.* Their primary duties are to prevent illegal aliens from entering the country, and their powers to search and arrest "are focused on their primary mission of interdiction of alien traffic into this country." *Id.* (citing *United States v. Santa Maria*, 15 F.3d 879, 881-82 (9th Cir. 1994). Section

1357 of Title 8 grants to immigration officers the power to make arrests, but only for offenses against the United States committed in their presence or for felonies cognizable under the laws of the United States and only if the officer "is performing duties relating to the enforcement of the immigration laws at the time of the arrest." 8 U.S.C. § 1357(a)(5). Consequently, Defendant Jones's employment duties were to enforce and make arrests under federal law, not state drunk driving laws.

Plaintiffs nonetheless contend that border patrol officers may be commissioned to act as New Mexico peace officers, and have all the powers of New Mexico peace officers to make arrests for violation of state laws. *See* NMSA § 29-1-11(E). This commission only applies to federal law enforcement officers "who are required to be designated by the county sheriff on a case-by-case basis in the county in which they are working." *Id.* The department of public safety maintains a registry of the names and federal agencies of every federal law enforcement officer so recognized and authorized to act as a New Mexico peace officer. *Id.* There are no facts in the complaint, and Plaintiffs submitted no additional evidence, to indicate that Defendant Jones was a duly commissioned federal law enforcement officer authorized to act as a New Mexico peace officer at the time of the incident. Plaintiffs have thus not met their burden of showing that Defendant Jones was doing the kind of work he was hired to perform. The first factor therefore weighs in favor of the United States.

As for the second factor, the parties agree that Defendant Jones was off duty and that the incident occurred around 6:00 p.m. Plaintiffs have not alleged any facts or provided the Court with evidence that the incident occurred during a period reasonably connected to the authorized employment period. Instead, Plaintiffs argue that, as a law enforcement officer, Defendant Jones is always on duty, so the time period is reasonably connected to the authorized employment

period. Plaintiffs cite no authority or evidence, such as a CBP policy, to support this assertion. The Court nonetheless is aware that NMSA 1978, Section 29-1-1 makes it "the duty of every sheriff, deputy sheriff, constable and every other peace officer to investigate all violations of the criminal laws of the state which are called to the attention of any such officer or of which he is aware." Under this statute, "police officers generally retain authority to act as police officers when off duty." *Narney*, 115 N.M. at 48. As explained *supra*, there are no facts alleged to suggest that Defendant Jones had the powers of a peace officer, and thus, this statute does not establish that his detention of Plaintiffs occurred in a period of time reasonably connected to his authorized employment period. Plaintiffs have thus not met their burden of demonstrating that the second factor weighs in their favor.

The third factor, whether the incident occurs in an area reasonably connected to the authorized employment location, weighs somewhat in favor of Plaintiffs. Although there are no facts as to Defendant Jones' assigned duty station, it is undisputed the incident occurred in Las Cruces, New Mexico. The Court takes judicial notice that Las Cruces is located within 100 miles of the United States-Mexico border. *See* Fed. R. Evid. 201(b)(1) (court may judicially notice fact not subject to reasonable dispute because it is generally known within trial court's territorial jurisdiction). The location of the incident falls within the general jurisdiction of the CBP. *See* Designating Aliens for Expedited Removal, 69 Fed. Reg. 48877-01 (Aug. 11, 2004) (Attorney General began to apply expedited removal proceedings to inadmissible aliens present within the United States without having been admitted or paroled following inspection by an immigration officer at a designated port-of-entry, who are apprehended within 100 miles of the border).

The fourth factor is whether Defendant Jones acted at least in part with a purpose to serve the employer. It is undisputed that Defendant Jones showed his badge as the authority to pull

over Plaintiffs, and suggested that he did so to enforce drunk-driving laws. Again, there are no facts in Plaintiffs' complaint to suggest that Defendant Jones had been commissioned by the county sheriff to enforce state laws. Although Defendant Jones showed his CBP badge, enforcing state law does not serve his employer whose purpose is to enforce federal law. The facts of the complaint do not indicate that Defendant Jones pulled Plaintiffs over while engaged in CBP's business with the view of furthering a federal law enforcement interest. The desire to enforce state law arises from an external, independent and personal motive on the part of the employee. This last factor thus weighs in favor of the United States.

Balancing all the factors, the allegations of the complaint and the undisputed facts establish that Defendant Jones was not acting within the scope of his employment during the incident at issue. *Cf. Narney*, 115 N.M. at 43, 47-50 (holding that no reasonable trier of fact could conclude that New Mexico peace officer was acting in course and scope of his employment when he terrorized plaintiffs after using his badge and gun to pull plaintiffs over purportedly for drug activity and speeding, where the place of arrest was in another jurisdiction too far removed from authorized place to perform his duties and occurred when he was expressly told to take time off, despite statute allowing officers to act as officers when off duty). Plaintiffs have thus not met their burden of proving that sovereign immunity has been waived. Defendants United States and United States CBP therefore must be dismissed from the case for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (**ECF No. 14**) is **GRANTED**. Defendants United States of America and United States Customs and Border Protection are **DISMISSED**.

_____
**UNITED STATES DISTRICT JUDGE**